IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIE INSURANCE COMPANY, ERIE INSURANCE EXCHANGE, HOMESITE INSURANCE COMPANY OF THE MIDWEST, and AMERICAN FAMILY INSURANCE COMPANY | CASE NO.: |
| | JUDGE |
| Plaintiffs | COMPLAINT |
| VS | Demand for Jury Trial |
| NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY | |
| Defendants | |

## STATEMENT OF THE CASE

1. Plaintiffs are insurance companies that insure, or insured, individuals and businesses located in or around East Palestine, Ohio at the time of the Norfolk Southern train derailment. Plaintiffs bring subrogation claims against Defendants arising from the derailment of a train hauling toxic chemicals in the area of East Palestine, Ohio, on or about February 3, 2023 ("Derailment"). The resulting fire and release of toxic chemicals onto the insured's property caused damage to real and personal property, loss of use, loss of income and other damages covered by the respective insurers' policies of insurance.

## PARTIES

2. Plaintiffs Erie Insurance Company and Erie Insurance Exchange ("Collectively "Erie Insurance") are Pennsylvania corporations with their principal place of business located in Erie, Pennsylvania.

3. Plaintiff Homesite Insurance Company of the Midwest is a Wisconsin corporation with its principal place of business located in Boston, Massachusetts, and is a part of and affiliate of the American Family Insurance Companies. Plaintiff American Family Insurance Company is a Wisconsin corporation with its principal place of business located in Madison, Wisconsin (Collectively "Homesite-American Family").

4. Defendant Norfolk Southern Corporation ("NSC") is a Virginia corporation with its principal place of business in Atlanta, Georgia.

5. Defendant Norfolk Southern Railway Company ("NSRC") is a Virginia corporation with its principal place of business in Atlanta, Georgia. Defendants NSC and NSRC will be identified as "Norfolk," "Norfolk Southern," or "Defendants."

## **JURISDICTION AND VENUE**

6. This Court has diversity jurisdiction over this action based upon 28 U.S.C. § 1332. Plaintiffs Erie Insurance Company and Erie Insurance Exchange are citizens and residents of Pennsylvania, and Plaintiffs Homesite and American Family are citizens and residents of Wisconsin. Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company are Virginia corporations. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendants because they regularly engage in business within the state of Ohio, were engaged in business within the state of Ohio prior to and at the time of the derailment, and because the claims asserted herein arise from the business activities and tortious conduct of Defendants within the state of Ohio prior to and at the time of the derailment.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Northern District of Ohio, Plaintiffs damages were because of tortious activity in this District.

## **The Railroad Defendants**

9. Defendant NSC is a publicly traded corporation that is organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 1200 Peachtree Street, NE, Atlanta, Georgia 30308. Defendant NSRC is a wholly owned subsidiary of NSC. NSRC is a Class I railroad corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 1200 Peachtree Street, NE, Atlanta, Georgia 30308. Defendant NSRC is a common carrier that accepts hazardous substances for transport.

10. Defendants NSC and NSRC operated Norfolk Southern Train 32N and its railcars in their Keystone Division at all relevant times. Defendants NSC and NSRC owned the locomotive and certain railcars on Norfolk Southern Train 32N at all relevant times.

11. On Friday February 3, 2023, NSC and NSRC Train 32N, consisting of 149 cars, was carrying abnormally dangerous and ultrahazardous chemicals including, but not limited to, vinyl chloride, butyl acrylate, benzene residue, ethylene glycol monobutyl ether, ethylhexyl acrylate and isobutylene while traveling a downhill route eastbound from Illinois to Pennsylvania on main track 1 of the NSC/NSRC Fort Wayne line of the Keystone Division.

12. On the noted date, in the area of East Palestine, Ohio, approximately thirty-eight of the train cars derailed and an additional twenty railcars were damaged, several of which were carrying dangerous and hazardous industrial materials. The derailment occurred in the State of Ohio.

13. Plaintiffs allege the train was experiencing a fire at about 8:13 p.m. on the loss date, as it passed through Salem, Ohio, which is located twenty miles west of the eventual site of the derailment in East Palestine. Plaintiffs further allege at or near that location video from cameras located along the rails in Salem, Ohio, showed a wheel bearing in the final stage of overheating approximately 45 minutes before the derailment.

14. Plaintiffs further allege that a hotbox detector used to assess the temperature conditions of railcar wheel bearings registered an alarm message instructing the crew to slow and stop the train to inspect the hot axle. This malfunctioning railcar axle is consistent with an overheated wheel bearing, which ultimately caused the train to derail and trigger the application of the emergency brakes as the train passed through East Palestine. Plaintiffs further allege the derailed cars carried hazardous materials and chemicals. The hazardous chemicals ignited, and the resulting fire continued to burn. Plaintiffs further allege a release of chemicals involving detonation of certain cars took place, resulting in an explosion and release of fire, smoke, chemicals, contaminants, and debris onto the property of Plaintiffs' insureds.

15. Plaintiff Erie further alleges that as a result of the derailment, fire, explosion and release of chemicals, claims were made, and continue to be made, by its insureds. Plaintiff Erie alleges that its insureds had policies of insurance providing for coverage for damage to real and personal property, loss of use, loss of income as to insured businesses, and other covered damages. Plaintiff Erie, to date, and subject to change, has made payments to or on behalf of its insureds. Insured claims to date, have been made and payments made to the following:

| Insured | Address |
|---|---|
| Abigail & Joshua Hickman | 130 E Main St, East Palestine, OH |
| Charles & Debbie Murray | 198 E. Clark St. East Palestine OH |
| Chris Veitz | 249 Wood St. East Palestine OH |
| Connie Fortner | 254 E. North Ave. East Palestine OH |
| Bradley & Christine Wilson | 790 Conner Dr. East Palestine OH |
| Laurie Lynn Harmon | 258 E. Martin St. East Palestine OH |
| Shannon Badger | 388 E. North Ave. East Palestine OH |
| Edward & Dawn Baughman | 456 E. Martin St. East Palestine OH |
| Medart inc. | E. Martin St. East Palestine OH |
| The Enchanted Salon LLC/Jacqueline Leaf | 38 E. Main St.. East Palestine OH |
| Crazy Laser MGM-WBA - Foin LLC & Flags Specialties | 167 E. Taggart St. East Palestine OH |
| Brittain Motors Inc.; BMI Leasing; BF Limited Inc etc. | 55-57 E. Martin St. East Palestine OH |
| Joseph Dinello | 491 E. North Ave. East Palestine OH |
| Charles & Barbara Dyson | 3519 N. Pleasant Dr. East Palestine OH |
| William & Shirley Wilson | 1346 Howell Ave. East Palestine OH |
| Abigail Parsons (tenant) | 10 Park Dr. East Palestine OH |
| Randy & Lisa Cozza | 392 E. Highland Ave. East Palestine OH |
| Kelly & Nathan Izotic | 2206 Rauch Rd. East Palestine OH |
| Ellis, Dannie & Mary | 532 Moore Lane, East Palestine, OH |

16. Plaintiff Erie further alleges that the noted policies of insurance contained a right of subrogation. Aggregate payments made to or on behalf of its insureds to date, and subject to

change exceed $75,000.00. Plaintiff Erie further alleges that it may continue to receive and make payments from the derailment to other insureds impacted. Plaintiff Erie further allege that they have provided past notice to the Defendants of its subrogated claims, rights, and that no party is authorized to prejudice nor release Plaintiff Erie's subrogated rights and claims.

17. Plaintiff Homesite-American Family further alleges that a result of the derailment, fire, explosion and release of chemicals, claims were made, and continue to be made, by its insureds. Plaintiff Homesite-American Family alleges that its insureds had policies of insurance providing for coverage for damage to real and personal property, loss of use, and other covered damages. Plaintiff Homesite-American Family to date, and subject to change, have made payments to or on behalf of its insureds. Insured claims to date, have been made and payments made to the following:

| | |
|---|---|
| FRANKIE D. & COURTNEY A NEWMAN | 362 EAST MARTIN STREET, EAST PALESTINE |
| REBECCA SIMPSON | 4748 OHIO ROUTE 7, NEW WATERFORD |
| JOSEPH MONTELEON | 57 EAST TAGGART STREET, EAST PALESTINE |

18. Plaintiff Homesite-American Family further allege that the noted policies of insurance contained a right of subrogation. Aggregate payments made to or on behalf of its insureds to date, and subject to change exceed $75,000.00. Plaintiff Homesite-American Family further alleges that it may continue to receive and make payments from the derailment to other insureds impacted. Plaintiff Homesite-American Family further allege that it has provided past notice to the Defendants of its subrogated claims, rights, and that no party is authorized to prejudice nor release Plaintiffs' subrogated rights and claims.

## COUNT I(A)
## NEGLIGENCE AND NEGLIGENCE PER SE

19. Plaintiffs reallege, reaver and incorporate by reference the allegations asserted above as if fully set forth herein.

20. Plaintiffs allege the derailment, fire, release of toxic chemicals, and explosion was caused by the negligence, carelessness, and/or recklessness of the Defendants. Defendants owed Plaintiffs' insureds a duty to use reasonable care in the transportation of hazardous materials and chemicals through the area in and around the insureds' properties. Defendants had duties to properly inspect and maintain their trains and railcars; to not place in service or continue in service a car with an overheated roller bearing; to maintain vigilant lookout during the operation of its trains and railcars; to remedy defects in equipment and remove all cars that are unsafe.

21. Defendants negligently and carelessly breached their duties to Plaintiffs. Defendants' errors and omissions include, but are not limited to:
> a. Failing to properly maintain, service and inspect their trains and railcars.
> b. Placing in service or continuing in service a car with an overheated roller bearing.
> c. Failing to maintain vigilant lookout during the operation of its trains and railcars and to ensure its agents, servants, and employees were properly and adequately instructed and trained while transporting hazardous substances.
> e. Failing to remedy defects in equipment and remove all cars that were unsafe to run.
> f. Failure to timely detect the fire on the tank car that led to the derailment.
> g. Failure to maintain a vigilant lookout during transit.
> h. Failure to adequately staff trains with personnel that plan, prepare, coordinate, and oversee transportation of hazardous materials.
> i. Failure to properly instruct and adequately train safety and emergency procedures in the event of a derailment.
> j. Failing to properly develop and implement a risk reduction program; and risk-based hazard management programs.
> k. Failing to properly develop and implement safety performance evaluation processes.
> l. Failing to operate, maintain, inspect, and/or repair the railway and railcars in such a way to ensure their safe and proper operation, particularly when transporting hazardous materials and chemicals.
> m. Failing to ensure proper safety procedures in the event of a mechanical malfunction of the railway or railcars while transporting such hazardous materials.

n. Failing to adequately staff positions that plan, prepare, coordinate, and oversee transportation of hazardous materials by railcar.

o. Failing to adequately hire, train, manage, oversee, and supervise their agents, servants, employees, including but not limited to the train engineer and dispatcher concerning the operation of Train 32N on February 3, 2023.

p. Failing to properly instruct and adequately train their agents, servants, employees, including but not limited to the train engineer and dispatcher concerning safety and emergency procedures in the event of a derailment.

q. Failing to institute proper procedures to avoid exposing hazardous materials to the insureds' property.

r. Failure to properly use explosive devices which resulted in hazardous chemicals damaging the insureds properties.

22. Plaintiffs further allege Defendants violated industry standards, safety laws and regulations. Upon information and belief, violations include, but are not limited to: A breach of the duty set forth in 49 C.F.R.215.115, prohibiting placing in service a train car with an overheated bearing; violation of 49 C.F.R. 179.15(a) providing that each tank must have a pressure relief device, made of materials compatible with the lading, having sufficient flow capacity to prevent pressure build-up in the tank to no more than the flow rating pressure of the pressure relief device in fire conditions; failure to inspect and test for pressure release defects, leakage, valve defects and other conditions that makes the tank car unsafe for transportation under 49 C.F.R. 173.31(d)(1)(ii). Defendants' errors and omissions were negligent, and negligent per se.

23. As the direct and proximate result of the negligent errors and omissions as set forth herein, Plaintiffs suffered the damages previously set forth herein. Plaintiffs are subrogated to the extent of damages paid to or on behalf of its insureds.

## COUNT II
## STRICT LIABILITY

24. Plaintiffs reallege reaver and incorporate by reference the allegations asserted above as if fully set forth herein.

25. Plaintiffs allege Defendants are strictly liable for the injuries and damages suffered by Plaintiffs. Defendants were transporting approximately 1,600,000 pounds of toxic and hazardous materials. In addition, following the derailment, Defendants used explosive devices which introduced harmful chemicals and toxins onto the insureds' properties.

26. The transportation of toxic and flammable chemicals; and the use of explosives are ultrahazardous activities. Defendants engaged in an abnormally dangerous and/or ultrahazardous activity when they dumped the vinyl chloride they were transporting and lit it on fire in a residential community, making them strictly liable for any resulting damages.

27. As a direct and proximate result of the Defendants' abnormally dangerous and/or ultrahazardous activity, Plaintiffs insureds suffered the damages previously set forth herein.

28. As the direct and proximate result of the errors and omissions as set forth herein, Plaintiffs suffered the damages previously set forth herein. Plaintiffs are subrogated to the extent of damages paid to or on behalf of its insureds. Defendants' conduct as alleged herein shows that Defendants acted with gross neglect, willfully and wantonly, maliciously, with aggravated or egregious fraud, and/or intentionally disregarded Plaintiffs' rights to warrant the imposition of punitive damages.

## COUNT III STATUTORY NUISANCE

29. Plaintiffs reallege reaver and incorporate by reference the allegations asserted above as if fully set forth herein.

30. Plaintiffs further allege that pursuant to Ohio R.C. § 3704.05 "no person shall cause, permit, or allow emission of an air contaminant in violation of any rule adopted by the director of environmental protection." Ohio Admin. Code 3745-15-07(A) states "[t]he emission or escape into the open air for any source or sources whatsoever of … fumes, gases, vapors, or any other substance or combinations of substances, in such manner or in such amounts as to endanger the health, safety or welfare of the public, or cause unreasonable injury or damage to property, is hereby found and declared to be a public nuisance. It shall be unlawful for any person to cause, permit or maintain any such public nuisance."

31. As a result of the derailment and subsequent fire and toxic chemical burn, Defendants emitted impermissible amounts of vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene.

32. Ohio R.C. § 3746.06 requires that, when contaminated property is voluntarily cleaned up, the remedial activities undertaken must ensure the groundwater complies with standards for residential use.

33. As a result of Defendants' improper transportation, handling, and disposing of vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene, Plaintiffs insureds property was damaged as it was exposed to hazardous air pollutants in violation of Ohio law.

34. As a direct and proximate result of Defendants' improper transportation, handling, and disposing of vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene, these toxins continuously invaded and contaminated the areas surrounding the insureds properties.

35. As a direct and proximate result of Defendants' improper transportation, handling, and disposing of vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene, and the exposure to these toxins resulting therefrom, Plaintiffs suffered the damages as previously set forth herein.

## COUNT IV
## PRIVATE NUISANCE

36. Plaintiffs reallege reaver, and incorporate by reference the allegations asserted above as if fully set forth herein

37. At all times relevant hereto, Defendants knew or should have known that vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene were hazardous and harmful to real property and human beings, and it was substantially certain that improper transportation, handling, and disposal of these materials would cause injury to Plaintiffs and their property.

38. Defendants, through the negligent, reckless, and/or intentional acts and omissions alleged herein, have contaminated real property insured by plaintiffs.

39. Defendants, through the negligent, reckless errors and omissions alleged herein, have released vinyl chloride, butyl acrylate, benzene residue, other contaminants as alleged, and byproducts including but not limited to volatiles, semi-volatiles, dioxins, and phosgene onto Plaintiffs' land and have contaminated real and personal property.

40. Defendants' negligent, reckless, and/or intentional acts and omissions were an unlawful invasion of the property of Plaintiffs' insureds. As the direct and proximate result of the errors and omissions as set forth herein, Plaintiffs suffered the damages previously set forth herein.

# COUNT V
# PUBLIC NUISANCE

41. Plaintiffs reallege reaver, and incorporate by reference the allegations asserted above as if fully set forth herein

42. At all times relevant hereto, Defendants knew or should have known that vinyl chloride, butyl acrylate, benzene residue, and other combustible liquids were hazardous and harmful to real property and human beings, and it was substantially certain that improper transportation, handling, and disposing of these materials was hazardous and harmful to people living in nearby areas.

43. Plaintiffs' insureds have a common right to enjoy their real property free of dangerous contamination, to breathe clean air and have access to clean running and groundwater without dangerous levels of toxic chemicals, and to live life without unreasonable exposure to toxic chemicals.

44. Defendants' improper transportation, handling, and disposing of vinyl chloride, butyl acrylate, benzene residue, and other combustible liquids substantially and unreasonably infringed upon and transgressed these public rights. Defendants' actions were the direct and proximate result of the damages previously set forth herein.

45. As the direct and proximate result of the errors and omissions as set forth herein, Plaintiffs suffered the damages previously set forth herein. Defendants' conduct as alleged herein shows that Defendants acted with gross neglect, willfully and wantonly, maliciously, with aggravated or egregious fraud, and/or intentionally disregarded Plaintiffs' rights to warrant the imposition of punitive damages.

## COUNT VI
## TRESPASS

46. Plaintiffs reallege reaver, and incorporate by reference the allegations asserted above as if fully set forth herein

47. At all times relevant hereto, Defendants knew or should have known vinyl chloride, butyl acetate, benzene residue, phosgene, and hydrogen chloride to be hazardous and harmful to real property, animals, and human beings, and it was substantially certain that their use, emission, discharge, disposal, distribution, spreading and/or release of these hazardous materials would cause injury to Plaintiffs and their property.

48. Defendants, through their activities alleged herein, caused hazardous materials to enter and contaminate Plaintiffs' insured property. They intentionally, knowingly, and negligently used, discharged, spread, deposited, and/or released these hazardous materials.

49. At all relevant times Defendants were aware that their conduct in disposing of vinyl chloride, butyl acetate, benzene residue, phosgene, hydrogen chloride, and other combustible liquids was contrary to Plaintiffs' insureds rights in their property.

50. Defendants, through their activities regarding hazardous materials alleged herein, failed to act in the manner of an ordinary, careful person or business. As the direct and proximate result of the errors and omissions as set forth herein, Plaintiffs suffered the damages previously set forth herein.

**WHEREFORE,** Plaintiffs Erie Insurance Company and Erie Insurance Exchange pray for judgment, jointly and severally, against Defendant Norfolk Southern Corporation and Defendant Norfolk Southern Railway Company ("NSRC") in an amount in excess of $75,000.00, together with interest and costs of this action.

Plaintiffs Homesite Insurance Company of the Midwest and American Family Insurance Company pray for judgment, jointly and severally, against Defendant Norfolk Southern Corporation and Defendant Norfolk Southern Railway Company ("NSRC") in an amount in excess of $75,000.00, together with interest and costs of this action.

A TRIAL BY JURY IS DEMANDED.

        Respectfully Submitted,

        **ROBERTS, MATEJCZYK & ITA CO. LPA**

        */s/ David M. Matejczyk*

        David M. Matejczyk (0042325)
        Dustin N. Smith (0092009)
        Jason R. Pickell (0101802)
        Roberts, Matejczyk & Ita Co., LPA
        5045 Park Avenue West, Suite 2B
        Seville, Ohio 44273
        Phone: (330) 769-0911
        Fax: (330) 769-0922
        dave@ohiosubro.com
        dustin@ohiosubro.com
        jason@ohiosubro.com
        Counsel for Plaintiffs Erie Insurance Company, Erie Insurance Exchange, Homesite Insurance Company of the Midwest and American Family Insurance Company